STATE *vs.* EDWARD A. D'ALESSIO.

APRIL 12, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J. This is an indictment in which the defendant is charged with violating general laws 1938, chapter 610, §5. After a trial in the superior court, at which he presented no evidence in his own behalf, the jury returned a verdict of guilty. Therafter he moved for a new trial which was denied by the trial justice. The case is here on the defendant's bill of exceptions containing three exceptions, namely, to the denial of his motion to quash the indictment, to the denial of his motion for a judgment of acquittal, and to the denial of the motion for a new trial. The grounds of all three motions are the same and have been briefed together. We shall consider them in like manner.

The portions of §5, which it is alleged defendant violated, read as follows: "Whoever by threats or intimidation procures or induces, or attempts to procure or induce, any woman or girl to have any unlawful carnal connection either with himself or with any other person * * * or, being above the age of 18 years, shall by any means whatsoever procure or induce any girl under the age of 18 years, and not of known immoral character, to have any unlawful carnal connection either with himself or with any other person, shall be imprisoned not exceeding 5 years * * *."

The uncontradicted evidence is that defendant, who was thirty years of age, intimidated a girl of fifteen years, of

good moral character, to perform an unnatural carnal act in connection with him which was specifically described to the jury by the prosecuting witness. It need not be described here. It is sufficient to state that it was a base and degrading act. In our opinion it was such an act as the legislature intended to be comprehended by the term "unlawful carnal connection," although it did not amount to sexual intercourse. It may not have been an act against chastity but it was unquestionably against morality and decency, and chap. 610 is entitled "Offenses Against Chastity, Morality And Decency."

However, defendant contends that the words "carnal connection" were intended to refer only to an act of sexual intercourse. He argues further that the words are synonymous with "carnal knowledge" and that from the early days of the common law such knowledge meant sexual bodily connection. He also contends that the requirement in the section that the girl shall not be of "known immoral character" indicates that the legislature intended the act to apply only to unlawful sexual intercourse normally and not to abnormal or unnatural acts.

There is no merit in such contention. It may be true that "carnal knowledge" had acquired a special connotation at common law which required proof of an unlawful sexual intercourse. However, here the legislature did not confine the provisions of this statute to such crime. In fact the words "carnal knowledge" are not employed. The object, as the title indicates, was to provide for offenses against chastity, morality and decency. Accordingly the legislature selected and used words having a broader comprehension and a more general application than carnal knowledge as at common law. Significantly the provision of §5 includes "*any* unlawful carnal connection * * *." (italics ours)

The reference in one part of §5 that the girl shall not be of known immoral character does not, in our opinion, have the special significance which defendant attaches to it. That

portion of the section, it will be noted, defines a separate offense applicable only where the perpetrator of it is over eighteen years of age and his victim is under such age. In such a case proof of threats or intimidation is not necessary to establish the crime but proof "by any means whatsoever" is sufficient, provided the victim is "not of known immoral character." The only purpose of that proviso was to confine the section to victims of good moral character.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Atty. Gen., *Francis J. Fazzano,* Ass't Atty. Gen., for State.

*Herbert Katz, William G. Grande,* for defendant.